1
2
3                    UNITED STATES DISTRICT COURT
4                        DISTRICT OF NEVADA
5                                * * *
6    DIONDRAE L. PARKER,                    Case No. 3:23-cv-00059-MMD-CSD
7                          Plaintiff,                    ORDER
8          v.
     WARDEN TASHEENA COOKE, *et al.*,
9                          Defendants.
10
11
12          *Pro se* Plaintiff Diondrae L. Parker brings this civil rights action under 42 U.S.C.

13   § 1983 to redress constitutional violations that he claims he suffered while incarcerated

14   at Ely State Prison. (ECF No. 5.) On March 22, 2023, this Court screened Parker's

15   complaint under 28 U.S.C. § 1915A and found that the claims in the complaint are

16   duplicative of claims that Plaintiff brought in Case No. 3:22-cv-00543-MMD-CLB, which

17   is currently pending screening. (ECF No. 6.) The Court ordered Parker to show cause in

18   writing within 30 days as to why this action should not be dismissed as duplicative of the

19   previously filed case. (ECF No. 6.) That deadline expired, and Parker did not respond to

20   the Court's order to show cause.

21   **I.    DISCUSSION**

22          District courts have the inherent power to control their dockets and "[i]n the

23   exercise of that power, they may impose sanctions including, where appropriate . . .

24   dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir.

25   1986). A court may dismiss an action based on a party's failure to obey a court order or

26   comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

27   (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep

28   court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)

(dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Parker's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

The Court ordered Parker to show cause as to why this case should not be dismissed as duplicative, and Parker did not respond. The only alternative to dismissal is to enter a second order setting another deadline. But the reality of repeating an ignored

1  order is that it often only delays the inevitable and squanders the Court's finite resources.

2  The circumstances here do not indicate that this case will be an exception: there is no

3  hint that Parker needs additional time or evidence that he did not receive the Court's

4  order. Setting another deadline is not a meaningful alternative given these circumstances.

5  So the fifth factor favors dismissal.

6  **II.   CONCLUSION**

7       Having thoroughly considered these dismissal factors, the Court finds that they

8  weigh in favor of dismissal. It is therefore ordered that this action is dismissed without

9  prejudice based on Parker's failure to respond to the Court's order to show cause, and

10  because this action is duplicative of the claims in Case No. 3:22-cv-00543-MMD-CLB.

11  The Clerk of Court is directed to enter judgment accordingly and close this case. No other

12  documents may be filed in this now-closed case. Parker must pursue his claims in Case

13  No. 3:22-cv-00543-MMD-CLB.

14       It is further ordered that Parker's application to proceed *in forma pauperis* (ECF

15  No. 4) is denied as moot.

16       DATED THIS 2nd Day of May 2023.

17

18  _____
    MIRANDA M. DU

19  CHIEF UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

3